J-A27014-14

2015 PA Super 120

| ROBERT J. BOEHM AND BEVERLY LYNN BOEHM, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellees | |
| v. | |
| RIVERSOURCE LIFE INSURANCE COMPANY AND JAMES DAY, II, | |
| Appellants | No. 1999 WDA 2013 |

Appeal from the Judgment Entered December 13, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. 01-008289

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and MUSMANNO, JJ.

CONCURRING AND DISSENTING OPINION BY SHOGAN, J.:**FILED MAY 19, 2015**

I join the Majority's analysis and disposition of issues one through four and six. However, because I do not believe this case presents the appropriate context for application of the total offset method, I respectfully dissent on issue five.

Our Supreme Court adopted the total offset method of calculating damages in the limited context of lost future income resulting from an automobile accident. *Kaczkowski v. Bolubasz*, 421 A.2d 1027 (Pa. 1980). The *Kaczkowski* Court addressed, *inter alia*, the existing law on damages, which discounted the loss of future wages to its present value by using the six percent simple interest figure. Striving to obtain a damage award formula that is "efficient, predictable as well as accurate," the *Kaczkowski*

Court concluded that "both a productivity factor and inflation should be reflected in an award of lost future earnings." *Id.* at 1029. As described by the *Kaczkowski* Court:

> [t]he total offset method assumes that in the long run, future inflation and the discount rate will offset each other. . . . Since over the long run interest rates, and, therefore, the discount rates, will rise and fall with inflation, we shall exploit this natural adjustment by offsetting the two factors in computing lost future earning capacity.

> * * *

> An additional feature of the total offset method is that where there is a variance, it will be in favor of the innocent victim and not the tortfeasor who caused the loss.

*Id.* at 1037–1038.

Twenty years later, this Court expanded the *Kaczkowski* ruling to damages caused by medical malpractice. In *Sonlin v. Abington Memorial Hospital*, 748 A.2d 213 (Pa. Super. 2000), we noted that:

> [a]lthough the [*Kaczkowski*] Court specifically declined to expand its ruling to contexts other than future lost earnings, opining that these should be resolved on a case by case basis, it noted principles long settled in Pennsylvania law that "damages are to be compensatory to the full extent of the injury sustained," and that actual compensation is given by graduating the amount of damages exactly to the extent of the loss."

*Id.*, at 218–219 (quoting *Kaczkowski*, 421 A.2d at 1029). Rejecting the defendant hospital's argument that a jury award of $2,185,960 should be discounted to its present value, we observed that "the inflation that the Supreme Court found to be a fact of life in *Kaczkowski* is even greater in

the field of medical services, where inflation is running at a rate greater than the average for all goods and services." **Sonlin**, 748 A.2d at 219 (quoting trial court opinion). More recently, our Supreme Court expanded application of the total offset method to future lost profits claimed as damages in an action for breach of contract and constructive discharge. **Helpin v. Trustees of Univ. of Penn.**, 10 A.3d 267 (Pa. 2010). In doing so, however, our Supreme Court cautioned that **Kaczkowski** was decided narrowly, and that "with respect to the calculation of future damages, 'in other contexts,' [it] did not wish to disturb the requirement that an award be discounted to present value." **Id.** at 274 (quoting **Kaczkowski**, 421 A.2d at 1037 n.21). The **Helpin** Court further indicated that, if properly presented to it in the future, the Supreme Court would consider whether **Kaczkowski** was wrongly decided. **Id.** at 277 n.6.

Here, the majority extends application of the total offset method to damages arising out of insurance fraud. However, unlike future earnings, medical services, and future profits, inflation will not impact the amount of future premium payments in this case, which amount, according to the plaintiffs' credible witness, is fixed at $2,881.26 per year, or approximately $240.00 per month. Findings of Fact and Conclusions of Law, 7/12/13, at ¶ 36; N.T., 5/22–23/13, at 190–191; Trial Court Opinion, 2/24/14 at unnumbered 2. **Accord Lowery v. Lowery**, 544 A.2d 972 (Pa. Super. 1988) ("[T]he holding of **Kaczkowski** is simply inapplicable to present

valuation of pensions which do not by their own terms account for inflation."). Thus, application of the total offset method to the underlying $125,000.00 damage award in this case contradicts the rationale of **Kaczkowski** by compensating the plaintiffs beyond "the full extent of the injury sustained," **Kaczkowski**, 421 A.2d at 1029 (citations omitted), and, in my view, impermissibly expands upon Supreme Court precedent.